**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DENISE ALEX-BOUZOUNIS,** | : | |
| | : | **Case No. 2:24-cv-04181** |
| **Plaintiff,** | : | |
| | : | **Judge Michael H. Watson** |
| **v.** | : | |
| | : | **Magistrate Judge Kimberly A. Jolson** |
| **CITY OF COLUMBUS,** | : | |
| | : | |
| **Defendant.** | : | |

## ANSWER OF DEFENDANT CITY OF COLUMBUS
## (JURY DEMAND ENDORSED HEREON)

Now comes Defendant, City of Columbus, by and through undersigned counsel, and for its Answer to Plaintiff's Complaint, states as follows:

1.      Paragraph 1 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant does not dispute that Plaintiff alleges purported violations of applicable laws.  Defendant denies any allegation contained in paragraph 1 of the Complaint that Defendant acted unlawfully.

2.      Paragraph 2 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant does not dispute that Plaintiff alleges purported violations of Title VII, 42 U.S.C. §§ 2000e et seq., Ohio Revised Code Ch. 4112, and the Equal Pay Act, 29 U.S.C. §§ 206(d) et seq.  Defendant denies any allegation contained in paragraph 2 of the Complaint that Defendant acted unlawfully.

3.       Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant does not dispute subject matter jurisdiction.

4.      Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any allegation contained in paragraph 4 of the Complaint that Defendant acted unlawfully.

5.      Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any allegation contained in paragraph 5 of the Complaint that Defendant acted unlawfully.

6.      Paragraph 6 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any allegation contained in paragraph 6 of the Complaint that Defendant acted unlawfully.

7.      Paragraph 7 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 7 of the Complaint for want of knowledge and to the extent that they allege that Defendant acted unlawfully.

8.      Paragraph 8 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant does not dispute venue is proper in this Court.

9.      As to the allegations contained in paragraph 9 of the Complaint, Defendant admits only that Plaintiff was employed by Defendant from 2014 until she resigned in November 2022. Defendant denies the remaining allegations contained in paragraph 9 of the Complaint for want of knowledge.

10.      Paragraph 10 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it is a political subdivision of the State of Ohio and operates the Columbus Division of Police.

11.     As to the allegations contained in paragraph 11 of the Complaint, Defendant admits that in 2014 it hired Plaintiff as a Public Relations Specialist II.  Defendant denies the remaining allegations contained in paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.     As to the allegations contained in paragraph 13 of the Complaint, Defendant admits only that in 2021 it posted a Public Relations Specialist II position for the Division of Police. Defendant denies the remaining allegations contained in paragraph 13 of the Complaint.

14.     As to the allegations contained in paragraph 14 of the Complaint, Defendant admits only that its posting was intended to invite applications for the posted Public Relations Specialist II position.  Defendant denies the remaining allegations contained in paragraph 14 of the Complaint.

15.     Defendant denies the allegations as to the motivations for Plaintiff's decision for want of knowledge, and denies the remaining allegations contained in paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.      As to the allegations contained in paragraph 20 of the Complaint, Defendant admits only that in March 2022 it posted a Public Relations Specialist II position for the Division of Police.  Defendant denies the remaining allegations contained in paragraph 20 of the Complaint.

21.     Defendant admits the allegations contained in paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in paragraph 23 of the Complaint for want of knowledge.

24.      Defendant denies the allegations contained in paragraph 24 of the Complaint for want of knowledge.

25.     Defendant denies the allegations contained in paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in paragraph 26 of the Complaint for want of knowledge.

27.     Defendant admits the allegations contained in paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the Complaint for want of knowledge.

29.     Defendant denies the allegations contained in paragraph 29 of the Complaint for want of knowledge.

30.     Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.     Defendant admits the allegations contained in paragraph 31 of the Complaint.

32.     As to the allegations contained in paragraph 32 of the Complaint, Defendant admits that it approved a pay rate of $45.19 per hour for a candidate for the Public Relations Specialist II position, but that he withdrew from consideration.  Defendant denies the remaining allegations contained in paragraph 32 of the Complaint.

33.     As to the allegations contained in paragraph 33 of the Complaint, Defendant admits that it offered the Public Relations Specialist II position to a candidate at $43.75 per hour, and that he accepted the position.  Defendant denies the remaining allegations contained in paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.     Defendant denies the allegations as to what was apparent to Plaintiff for want of knowledge, and denies the remaining allegations contained in paragraph 36 of the Complaint.

37.     Paragraph 37 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in paragraph 40 of the Complaint for want of knowledge.

41.     Defendant denies the allegations contained in paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of the Complaint.

46.     As to the allegations contained in paragraph 46 of the Complaint, Defendant admits only that Plaintiff's work location changed to police headquarters. Defendant denies the remaining allegations contained in paragraph 46 of the Complaint and denies that Defendant acted unlawfully.

47.     Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of the Complaint.

49.     Defendant admits the allegations contained in paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in paragraph 50 of the Complaint.

51.     As to the allegations contained in paragraph 51 of the Complaint, Defendant admits that the EEOC issued a Determination dated May 21, 2024 relating to EEOC Charge Nos. 22A-2023-00365 and 22A-2023-00980, which speaks for itself.  Defendant denies any characterization of the Determination and denies that it acted unlawfully.

52.     As to the allegations contained in paragraph 52 of the Complaint, Defendant admits that the EEOC issued a Determination dated May 21, 2024 relating to EEOC Charge Nos. 22A-2023-00365 and 22A-2023-00980, which speaks for itself.  Defendant denies any characterization of the Determination and denies that it acted unlawfully.

53.     Defendant denies the allegations contained in paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in paragraph 54 of the Complaint.

55.     As to the allegations contained in paragraph 55 of the Complaint, Defendant admits that on October 17, 2024 counsel for Defendant agreed to toll the statute of limitations for Plaintiff's Equal Pay Act claims from October 15, 2024 through November 15, 2024.  Defendant denies the remaining allegations contained in paragraph 55 of the Complaint.

56.     As to the allegations contained in paragraph 56 of the Complaint, Defendant restates and incorporates by reference each and every response made to paragraphs 1 through 55 of the Complaint as if restated herein.

57.     Paragraph 57 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 57 of the Complaint.

58.     As to the allegations contained in paragraph 58 of the Complaint, Defendant restates and incorporates by reference each and every response made to paragraphs 1 through 57 of the Complaint as if restated herein.

59.     Paragraph 59 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 59 of the Complaint.

60.     As to the allegations contained in paragraph 60 of the Complaint, Defendant restates and incorporates by reference each and every response made to paragraphs 1 through 59 of the Complaint as if restated herein.

61.     Paragraph 61 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 61 of the Complaint.

62.     As to the WHEREFORE clause contained in the Complaint, Defendant denies Plaintiff is entitled to the relief requested therein or to any relief whatsoever.

63.     Defendant denies each and every allegation in the Complaint that is not expressly and specifically admitted herein.

## ADDITIONAL DEFENSES

64.     Plaintiff fails to state a claim upon which relief can be granted.

65.     Plaintiff failed to exhaust administrative remedies that are a pre-requisite to filing this action.

66.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

67.     Defendant is entitled to qualified immunity as well as all applicable immunities, defenses, setoffs, and limitations on liability as set forth in Chapter 2744 of the Ohio Revised Code.

68.     Plaintiff has failed to mitigate damages.

69.     Plaintiff cannot recover attorney fees from Defendant.

70.     Plaintiff cannot recover punitive damages from Defendant.

71.     Defendant acted at all times reasonably and with business justification. Defendant's wage determination for Plaintiff was nondiscriminatory, and wage payments to Plaintiff were made pursuant to a merit system and/or a factor other than sex.

72.     Defendant acted at all times in good faith and honestly and reasonably believed its conduct was in accordance with the law.

73.     Defendant acted in a proper and non-discriminatory manner towards Plaintiff.

74.     Plaintiff has not suffered any adverse employment action.

75.     Any damages suffered by Plaintiff, which damages are denied, are the direct result of Plaintiff's own actions and failure to act and have not been caused by any conduct or actions of Defendant.

76.     Plaintiff did not engage in activities protected by the Constitution of the United States, the Constitution of the State of Ohio, Title VII of the Civil Rights Act of 1964 as amended, the Equal Pay Act, Chapter 4112 of the Ohio Revised Code, or any other law.

77.     Defendant did not engage in any conduct that could support a claim for discrimination or retaliation.

78.     Plaintiff is estopped by her own conduct from bringing some or all of his claims and/or from claiming damages.

79.     Defendant reserves the right to assert additional affirmative defenses to the extent such defenses are discovered during the course of this litigation.

## JURY DEMAND

Defendant demands a trial by jury as to all issues so triable.

Respectfully submitted,

/s/ Paul M. Bernhart
Paul M. Bernhart (0079543) Trial Attorney
James A. Hogan (0071064)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
77 N. Front Street
Columbus, Ohio 43215
(614) 645-7385
(614) 645-6949 (Fax)
pmbernhart@columbus.gov
lbjoyce@columbus.gov

*Attorneys for Defendant City of Columbus*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing *Answer of Defendant City of Columbus* was served on all counsel of record through the Court's CM/ECF system this 17 day of January, 2025.

/s/ Paul M. Bernhart
Paul M. Bernhart (0079543)